SOLOMON B. CERA (Bar No. 099467)
PAMELA A. MARKERT (Bar No. 203780)
CERA LLP
595 Market St. Suite 1350
San Francisco, CA 94105
Telephone: +1 (415) 777-2230
Fax: +1 (415) 777-5189
Email: scera@cerallp.com
Email: pmarkert@cerallp.com

JEFFREY A. KLAFTER (*pro hac vice to be requested*)
AMIR ALIMEHRI (*pro hac vice to be requested*)
KLAFTER OLSEN & LESSER LLP
2 International Drive, Suite 350
Rye Brook, New York
Telephone: +1 (914) 934-9200
Fax: +1 (914) 934-9220
Email: jak@klafterolsen.com
Email: amir.alimehri@klafterolsen.com

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRYK KRASOWSKI and NICK PARKER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBINHOOD FINANCIAL LLC; ROBINHOOD SECURITIES LLC; CITADEL SECURITIES LLC; CITADEL ENTERPRISE AMERICAS LLC F/K/A CITADEL LLC<br><br>Defendants. | Case No. 21-cv-00758<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Patryk Krasowski and Nick Parker, by and through their undersigned counsel, bring this action against Defendants Robinhood Financial LLC and Robinhood Securities LLC, (together, "Robinhood"), and Citadel Securities LLC ("Citadel Securities") and Citadel Enterprise Americas LLC f/k/a Citadel LLC ("Citadel"), (collectively with Robinhood, "Defendants") and allege as follows based upon information and belief, except as to the allegations specifically pertaining to them, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of: (1) all Robinhood customers who owned any of the Restricted Securities listed below or options to buy such securities up until the time Robinhood began restricting "buy" orders on the Restricted Securities, and who have been damaged and continued to be damaged by Robinhood's initial blocking of, and now significant limitation on, any purchases of the Restricted Securities; (2) all Robinhood customers whose sales of any Restricted Securities were delayed by Robinhood and were damaged thereby; and (3) all Robinhood customers who were unable to purchase any Restricted Securities on January 28, 2021 and those subject to any limitations Robinhood continues to impose on any of the Restricted Securities who were harmed. The Restricted Securities are: AAL, AMC, BB, BBBY, CTRM, EXPR, GME, KOSS, NAKD, NOK, SNDL, TR, and TRVG, (collectively, "Restricted Securities").

## PARTIES

2. Plaintiff Patryk Krasowski is a citizen of Illinois. As of the close on January 27, 2021, Plaintiff Kasowski held 9 options to buy GME (GameStop Corp.) at $170 per share and GameStop opened on January 28 at $265 per share and rose to $469 at 10 AM when Robinhood's actions, as alleged herein drove GameStop stock down to $197 per share, Plaintiff could not exercise the options and had to sell them resulting in Plaintiff losing approximately $220,000.00. Plaintiff Krasowski also owned 6 call options to purchase GameStop at $60. Just before Robinhood restricted purchases of GameStop stock, this position could have been exercised and proceeds realized of approximately $400,000.00, but Plaintiff was blocked from exercising these calls. This position is now worth $200,000.

3. Plaintiff Nick Parker is a citizen of Georgia. As of the open of trading on January 28, 2021, Plaintiff Parker held 0.050654 shares of GME (GameStop Corp.), which shares similarly plummeted in value, and further Plaintiff was prevented by Defendants from purchasing additional shares freely on January 28, 2021 to the present.

4. Defendant Robinhood Financial LLC ("Robinhood Financial") is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, CA 94025. Robinhood Financial is an introducing broker-dealer registered with the Securities and Exchange Commission and provides online and mobile application-based discount stock brokerage services. Robinhood Financial routes 100% of it orders to the market through its affiliate Robinhood Securities LLC.

5. Defendant Robinhood Securities LLC ("Robinhood Securities") is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, CA 94025. Robinhood Securities is an affiliate of Robinhood Financial and is the custodian and servicer of brokerage accounts on the Robinhood platform. Robinhood Securities executes, clears, and settles trades occurring on the Robinhood brokerage platform. It also prepares and distributes account statements and trade confirmations, and extends credit to margin accounts.

6. Robinhood Financial and Robinhood Securities are collectively referred to as "Robinhood."

7. Defendant Citadel Securities LLC ("Citadel Securities") is a Delaware corporation with its principal place of business at 131 South Dearborn Street, Chicago, IL 60603. Citadel Securities provides market-making services to Robinhood through its Citadel Execution Services line of business.

8. Defendant Citadel Enterprise Americas LLC f/k/a Citadel LLC ("Citadel") is a Delaware corporation with its principal place of business at 131 South Dearborn Street, Chicago, IL 60603. Citadel provides operational and administrative services to Citadel Securities. Citadel also has its Global Controller sign off on Annual Broker Dealer Reports with the SEC for Citadel Securities. Citadel Securities and Citadel operate their trademarks under the common ownership and control of Citadel LLC n/k/a Citadel.

9. Citadel Securities and Citadel are collectively referred to as "Citadel."

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

11. This Court has personal jurisdiction over Defendants because Robinhood maintains their principal place of business in this District, and Citadel conducts business in this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside and conduct business in this District.

## FACTUAL ALLEGATIONS

13. Plaintiff and Class Members are clients and users of the Robinhood platforms. They buy and sell securities, including the Restricted Securities.

14. Robinhood's Mission Statement is "to democratize finance for all. We believe that everyone should have access to the financial markets, so we've built Robinhood from the ground up to make investing friendly, approachable, and understandable for newcomers and experts alike." As a result of this Mission Statement, the ease of its trading platform and the ability to trade fractional shares for as little as one dollar, Robinhood had grown to about 13 million customers in 2020. Contrary to its mission of providing a democratized trading platform that provided everyone unfettered access to the financial markets, commencing on January 28, 2021, Robinhood would not allow any of its customers to purchase any of the Restricted Securities, options on such securities or exercise options to purchase any of these securities and, as of January 29, 2021, only allows extremely limited buying of the Restricted Securities. Robinhood's actions in choking off purchases of the Restricted Securities and only allowing sales has caused them to lose significant value to the detriment of members of the Class.

15. Although Robinhood customers have been bullish about the Restricted Securities and have been driving them higher, these higher prices squeezed hedge funds and other Wall Street investors who were betting on a decline of the share prices of Restricted Securities. Among the victims of this short squeeze was Defendant Citadel. Robinhood routes over 50% of customer orders to the market through Citadel Securities. Citadel Securities is the primary market-maker for Robinhood, providing liquidity for over half of the trades entered on the Robinhood platform. As part of this relationship, Robinhood receives revenue from Citadel for directing its order flow to Citadel. For example, as of June 2020, Robinhood received $39 million in revenue from order flows directed to Citadel, which represents over 35% of Robinhood's platforms' revenues.

16. Citadel is also an investor in Melvin Capital Management LP, an investment advisor that had a significant short position in GME (GameStop Corp.), one of the Restricted Securities. Melvin Capital was pressured to close out its entire short position on the afternoon of Tuesday, January 26, 2021, given the extreme buy-side volume. Though the precise dollar amount of its loss has yet to be disclosed, it was a significant loss. It has been reported that Melvin Capital has lost nearly 30% since the start of 2021.

17. The loss to Melvin Capital on this GME (GameStop Corp.) short squeeze was so large that later that on January 25, 2021, it reportedly desperately obtained a cash infusion of nearly $3 billion from Citadel and another investment firm, Point72, with both firms taking non-controlling revenue shares in Melvin Capital.

18. Defendant Citadel also took short positions in many of the Restricted Securities immediately prior to the imposition of the restrictions on the Restricted Securities.

19. Another hedge fund adversely impacted by this short squeeze is D1 Capital Partners, which is a large investor in Robinhood, having recently invested $200 million in a Series G capital raising, bringing Robinhood's valuation to $11.7 billion. Betting AMC would decline, D1 Capital Partners was down 20% of its $20 billion dollar portfolio. The restrictions Robinhood imposed and continues to impose depressed AMC stock from $19.88 at the close on

January 27 to an $8.63 close on January 28, thereby allowing D1 Capital Partners to exit its short positions with minimal losses.

20. The restrictions Robinhood commenced imposing on January 28, 2021 were to benefit these and potentially other financial partners, who were under no restrictions as to the Restricted Securities. Robinhood has therefore become the Sheriff of Nottingham!

21. Robinhood announced on the morning of January 28, 2021 that it would be restricting certain trading on the Restricted Securities. Within minutes of the announcement, the share price of each of the Restricted Securities fell significantly, due to a severe drop in "BUY" demand and a resultant "SELL"-heavy market.

22. Robinhood restricted purchases of the following securities:

a. AAL (American Airlines Group Inc.)



;

b. AMC (AMC Entertainment Holdings Inc.)



;

c. BB (Blackberry Ltd.)



;

d. BBBY (Bed Bath & Beyond Inc.)

;

e. CTRM (Castor Maritime Inc.)

;

f. EXPR (Express, Inc.)

;

g. GME (GameStop Corp.)

;

h. KOSS (Koss Corporation)

;

i. NAKD (Naked Brand Group Ltd.)


;

j. NOK (Nokia Oyj)


;

k. SNDL (Sundial Growers Inc.)


;

l. TR (Tootsie Roll Industries, Inc.)


; and

m. TRVG (Trivago NV – ADR)


.

23.     As is readily apparent, the Restricted Securities all had the same consistent significant decline in share price following Robinhood's revocation of Plaintiffs' and the Class's ability to "BUY" shares of the Restricted Securities and only sell them.  Many such sales initiated by members of the Class were delayed by Robinhood as the share prices were declining imposing additional damage on such Class members.

24.     Many, if not all, of the Restricted Securities had large volumes of orders placed through Robinhood in the preceding days before Robinhood restricted purchases of the Restricted Securities.  As a result, when Robinhood restricted "BUY" orders on the Restricted Securities, it resulted in a "SELL"-heavy market, thereby deflating the price of the shares since buy orders placed by Robinhood customers on the evening of January 27 were cancelled by Robinhood and no further "BUY" orders were able to placed on January 28.

25.     Later that day, after the market had closed and the dust had settled and millions (if not billions) of dollars were lost by the Class, Robinhood issued an announcement that the following trading day it would now ALLOW "limited buys of the[] [Restricted Securities]."

26.     To be sure, the overall market did not react the same way the Restricted Securities did on January 28, 2021:

    a.  Dow Jones Industrial Average



;

    b.  S&P 500



; and

c. Nasdaq Inc.



27. Not surprisingly, Robinhood users expressed their outrage when they realized they were restricted from trading freely on Robinhood platforms in the Restricted Securities even though hedge funds and Wall Street traders were and remain free to trade the Restricted Securities and options on them, without limitation.

28. Plaintiffs and the Class members are therefore entitled to damages to be proven at trial for the amounts they lost as a result of their securities values being depressed or for their losses incurred in selling the Restricted Securities at a loss and entitled to injunctive relief requiring Robinhood to lift all restrictions on trading the Restricted Securities.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this case individually and pursuant to Rule 23(b)(3) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of the following classes (the "Damages Class"):

(a) all Robinhood customers who owned any of the Restricted Securities listed below or options to buy such securities up until the time Robinhood began restricting "buy" orders on the Restricted Securities, and who have been damaged and continued to be damaged by Robinhood's initial blocking of, and now significant limitation on, any purchases of the Restricted Securities; (2) all Robinhood customers whose sales of any Restricted Securities were delayed by Robinhood and were damaged thereby; and (3) all Robinhood customers who were unable to purchase any Restricted Securities on January 28, 2021 and those subject to any limitations Robinhood continues to impose on any of the Restricted Securities who were harmed. The Restricted Securities are: AAL, AMC, BB, BBBY, CTRM, EXPR, GME, KOSS, NAKD, NOK, SNDL, TR, and TRVG (the "Damages Class")

(b) all Robinhood customers who were unable to purchase any Restricted Securities on January 28, 2021 and those subject to any limitations Robinhood continues to impose on any of the Restricted Securities. (the "Injunctive Class")

1  Collectively, the "Classes".

2    30. This action has been brought and may properly be maintained on behalf of the Class
3  proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

4    31. The requirements of Rule 23(a)(1) have been met. The Classes are so numerous
5  that joinder of all members is impracticable. Although the precise number of Class members is
6  unknown to Plaintiffs, Robinhood has over ten million users of its platforms and the millions of
7  shares in the Restricted Securities traded on January 27, 2021 alone. Robinhood is generally
8  home to a significant volume of investors of the Restricted Securities. For example, it is
9  estimated that approximately 50% of Robinhood's 13 million users own shares of GME
10 (GameStop Corp.). The identity of all members of the Classes is known to Robinhood and can be
11 identified through their records. All members of the Classes may be notified of the pendency of
12 this action by recognized, Court-approved notice dissemination methods, which may include U.S.
13 Mail, electronic mail, Internet postings, and/or published notice.

14   32. The requirements of Rule 23(a)(2) have been met. There are questions of law and
15 fact common to the members of the Classes including, without limitation:

16   a. Whether Robinhood owed Plaintiffs and the members of the Classes a
17   fiduciary duty;

18   b. Whether Robinhood breached its fiduciary duty to Plaintiffs and the
19   members of the Classes due to its restrictions on purchases of any of the Restricted
20   Securities;

21   c. Whether Citadel aided and abetted Robinhood in breaching its fiduciary
22   duty to Plaintiffs and the members of the Classes when Citadel induced, encouraged, and
23   pressured Robinhood to restrict purchase orders of the Restricted Securities;

24   d. The amount of damages and other relief to be awarded to Plaintiffs and the
25   members of the Damage Class; and

26   e. Whether the Plaintiffs and the members of the Injunctive Class are entitled
27   to an injunction requiring Robinhood to lift all restrictions on trading the Restricted
28   Securities.

33. The requirements of Rule 23(a)(3) have been met. Plaintiffs' claims are typical of the claims of the members of the Classes because Plaintiffs and the other members of the Classes each were owed fiduciary duties from Defendants to not suffer an interference in their ability to buy shares in the Restricted Securities.

34. The requirements of Rule 23(a)(4) have been met. Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the other members of the Classes who they seek to represent, Plaintiffs have retained competent counsel who are experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of the members of the Classes will be fairly and adequately protected by Plaintiffs and their counsel.

35. Class certification of Plaintiffs' claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Damage Class predominate over questions affecting only individual members of the Damage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. It would be virtually impossible for the Damage Class members, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court

36. Class certification of Plaintiffs' claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Robinhood has acted or refused to act on grounds generally applicable to the members of the Injunctive Class, making appropriate both declaratory and injunctive relief with respect to the Injunctive Class under the causes of action set forth herein, which are alleged in the alternative. The members of the Injunctive Class are also entitled to injunctive relief to end Robinhood's common and uniform restrictive trading policy under the claims set forth herein.

37. Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTY
### (Against Robinhood)

38. Plaintiffs repeat and re-allege the allegations in Paragraphs 1-28, above, as if fully alleged herein.

39. Plaintiffs bring this claim individually and on behalf of the members of the Classes.

40. Robinhood owed a fiduciary duty to its customers to, among other things, provide an open trading platform free of self-imposed trading restrictions.

41. Robinhood breached those fiduciary duties by imposing the trading restrictions alleged herein to benefit Citadel, D1 Capital Partners and possibly others. Such actions were contrary to the interests of Plaintiffs and the members of the Classes.

42. Consequently, Plaintiffs and the members of the Damages Class have suffered damages amounting to hundreds of millions of dollars and Plaintiffs and the members of the Injunctive Class have been denied a trading platform free of restrictions on the Restricted Securities and are entitled to declaratory and injunctive relief.

## SECOND CLAIM FOR RELIEF

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against Citadel)

43. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 -28, above, as if fully alleged herein.

44. Citadel owed a duty to Plaintiffs and the Damages Class by virtue of serving as the market maker for a significant portion of their trades on the Robinhood platforms.

45. Citadel knew Robinhood had a fiduciary duty to Plaintiff and the Class to allow for the free-flow and uninterrupted placement and execution of purchase orders of the Restricted Securities.

46. Citadel is Robinhood's primary market maker and is well aware of the requirements for providing liquidity and for Robinhood allowing unrestricted purchases of the Restricted Securities.

47. Citadel, having a financial incentive to do so, as well as financial leverage over Robinhood, given the significant revenue stream for Robinhood from Citadel, induced, encouraged, and pressured Robinhood to restrict purchase orders of the Restricted Securities.

48. Without Citadel's inducement, encouragement, and undue pressure on Robinhood to restrict purchase orders on Restricted Securities, Robinhood would likely have continued to allow the free-flow of purchase orders of the Restricted Securities, as it had allowed in the previous days and weeks despite the same or similar levels of volatility and market participation.

49. Accordingly, Citadel aided and abetted Robinhood's breach of its fiduciary duties to Plaintiffs and the Classes.

### THIRD CLAIM FOR RELIEF

### NEGLIGENCE
### (Against Robinhood)

50. Plaintiffs repeat and re-allege the allegations in Paragraphs 1-48 above, as if fully alleged herein.

51. As a provider of financial services and registered securities investment broker-dealer, Robinhood had a duty to exercise reasonable care, skill, and ability in conducting and facilitating financial services and transactions for its customers.

52. Robinhood unlawfully breached its duties by, among other things, filing to maintain a reliably functioning electronic trading platform with sufficient operating capability and adequate infrastructure to process customer transactions, including during volatile and high-volume trading sessions; by failing to adequately design, test, and monitor its infrastructure necessary to timely process customers' transactions; by failing to timely process securities trades, including taking orders, entering orders, and executing orders; by failing to comply with applicable legal regulatory requirements and industry standards of care, including those set by FINRA.

53.  Robinhood's conduct was so want of care that its acts and omissions were and continue to be an extreme departure from the ordinary standard of conduct, rendering Robinhood not just negligent, but grossly negligent.

54.  Robinhood's negligence and breaches of its duties owed to Plaintiffs and Class members proximately caused losses and damages that would not have occurred but for Robinhood's breaches of its duty of due care.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs and the members of the Classes against Defendants as follows:

(a) For an order certifying the Damages Class under Rule 23 and 23(b)(3) of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Damages Class and Plaintiffs' attorneys as class counsel to represent the Damages Class;

(b) For an order certifying the Injunctive Class under Rule 23 and 23(b)(2) of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Injunctive Class and Plaintiffs' attorneys as class counsel to represent the Injunctive Class;

(c) For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d) For compensatory damages in an amount to be determined by the trier of fact;

(e) For injunctive and declaratory relief against Robinhood to lift all trading restrictions on the Restricted Securities;

(f) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(g) Awarding pre- and post-judgment interest on any amounts awarded; and,

(h) Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of

any and all issues in this action so triable of right.

DATED: January 29, 2021

**CERA LLP**

By: /s/ *Solomon B. Cera*
    Solomon B. Cera

SOLOMON B. CERA (Bar No. 099467)
PAMELA A. MARKERT (Bar No. 203780)
595 Market St. Suite 1350
San Francisco, CA 94105
Telephone: +1 (415) 777-2230
Fax: +1 (415) 777-5189
Email: scera@cerallp.com
Email: pmarkert@cerallp.com

**KLAFTER OLSEN & LESSER LLP**
JEFFREY A. KLAFTER (*pro hac vice to be requested*)
AMIR ALIMEHRI (*pro hac vice to be requested*)
2 International Drive, Suite 350
Rye Brook, New York
Telephone: +1 (914) 934-9200
Fax: +1 (914) 934-9220
Email: jak@klafterolsen.com
Email: amir.alimehri@klafterolsen.com

*Counsel for Plaintiffs and the Proposed Class*